**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| **ALAN T. MECH** | * | |
| 10705 Pot Spring Road | | |
| Cockeysville, MD 21030 | * | |
| | | |
| **Plaintiff,** | * | |
| | | |
| **v.** | * | **Case No.** |
| | | |
| **VIEWPOINT, INC.** | * | |
| 1515 SE Water Ave. #300 | | |
| Portland, OR 97214 | * | **JURY TRIAL DEMANDED** |
| | | |
| SERVE ON: | * | |
| Trimble Inc. f/k/a Viewpoint, Inc. | | |
| c/o The Corporation Trust, Incorporated | * | |
| 2405 York Road | | |
| Suite 201 | * | |
| Lutherville Timonium, MD 21093-2264 | | |
| | * | |
| **Defendant.** | | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**COMPLAINT AND JURY TRIAL DEMAND**

Plaintiff, Alan T. Mech, by his undersigned counsel, files this Complaint against Viewpoint, Inc. for age discrimination, and, in support thereof, states:

**PRELIMINARY STATEMENT**

1.      This action is for declaratory, monetary, and other appropriate relief on behalf of a former employee against Viewpoint, Inc.  Plaintiff seeks to redress intentional violations by Defendant of rights secured to him by the laws of the United States and the State of Maryland. This action arises under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et. seq., including incorporated provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C.A. §

201 et. seq. and the Maryland Fair Employment Practices Act. ("FEPA"), Md. Code Ann., State Gov't § 20-601 et seq.

**PARTIES**

2.      The Plaintiff, Alan T. Mech (hereinafter "Plaintiff"), is a former employee of Defendant, Viewpoint, and a resident of Cockeysville, Maryland.  At all times relevant hereto, Plaintiff was more than 40 years old and lived and worked for the Defendant in Maryland.

3.      The Defendant, Viewpoint, Inc. (hereinafter "Defendant" or "Viewpoint"), is a Delaware corporation duly organized and existing under and by virtue of the law of the United States of America, with its principal place of business located in Portland, Oregon.  Viewpoint is engaged in business as a construction software provider.

4.      At all times relevant to this Complaint, Viewpoint was engaged in an industry affecting commerce as defined in Section 11(h) of the ADEA, 29 U.S.C.A. § 630(h).

5.      At all times relevant to this Complaint, Viewpoint has employed 20 or more employees for each working day in each of 20 or more calendar weeks in the preceding calendar year.  The Defendant was and is, therefore, and employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C.A § 630(b).

6.      At all times relevant hereto, Defendant employed Plaintiff in the state of Maryland.

**JURISDICTION AND VENUE**

7.      This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

8.      The jurisdiction of this Court is based upon 28 U.S.C. § 1331, federal question jurisdiction, in that Defendant was created and is regulated by the laws of the United States.

9.      Venue is proper in the District of Maryland under 28 U.S.C. § 1391(a)(2), and § 1391(b)(2) because Defendant regularly conducts business in Maryland and the events giving rise to this claim occurred in this district.

10.      The jurisdiction of this Court is also invoked pursuant to Section 7(b) of the ADEA, 28 U.S.C.A. § 1337, and 29 U.S.C.A § 626(b).  This Court has jurisdiction over Plaintiff's claims under the statutory laws of the State of Maryland pursuant to this Court's supplemental jurisdiction as codified at 28 U.S.C. § 1367.

11.      The jurisdiction of this Court is further based upon 28 U.S.C. § 1332, diversity of citizenship jurisdiction, in that the Plaintiff is a citizen of the State of Maryland and Defendant is a citizen of the state of Oregon.

12.      This Court has subject matter jurisdiction over the Defendants pursuant to 28 U.S.C. §1332(a), in that this action seeks monetary relief in excess of the sum or value of $75,000, exclusive of interest, and there is complete diversity between the parties.

**ADMINISTRATIVE PREREQUISITES**

13.      On May 17, 2018, the Plaintiff filed a charge ("Charge") with the Equal Employment Opportunity Commission ("EEOC") charging the Defendant with discriminating against the Plaintiff on the basis of age.

14.      The Plaintiff is informed and believes that the EEOC sent a notice of the Charge to the Defendant and that the Defendant received the Charge.

15.      The Plaintiff is informed and believes that the EEOC and a representative of the Defendant participated in conciliation of the Charge without reaching an agreement.

16.      The EEOC has not filed suit concerning the matters described in the Charge.

17.      The EEOC issued a right to sue letter (the "Notice").

18.     Plaintiff files this claim within 90 days of receipt of the Notice.

**FACTS**

19.     Plaintiff began his employment with Viewpoint on February 6, 2014.  Plaintiff's title was Director of Estimating Sales.

20.     Prior to his employment at Viewpoint, Plaintiff was an employee of Maxwell Systems, a company that Viewpoint acquired in early 2014.  His title at Maxwell Systems was Director of Sales.

21.     Prior to his tenure with Maxwell Systems, Plaintiff was the President and CEO of Estimation, Inc., a computer software company for contractors that was acquired by Maxwell Systems.  Plaintiff's employment at Estimation, Inc. started in August of 1991.  For nearly 28 years, Plaintiff worked with the software and grew the business that Viewpoint's new owner, Trimble, brands as Trimble Viewpoint Construction Software.

22.     Trimble acquired Viewpoint in 2018.

23.     Plaintiff was laid off by Viewpoint on December 29, 2017.

24.     Plaintiff was told he was being laid off due to a business reorganization.

25.     It was not until after his departure from Viewpoint that Plaintiff discovered that Viewpoint was targeting and laying off older employees.  At the time of the layoff, Plaintiff was sixty-three (63) years old.

26.     Plaintiff has knowledge that Defendant terminated a substantial amount of people with age and medical issues and that these employees were laid-off because of their age and medical conditions.

27.     In August 2015, Viewpoint hired Manolis Kotzabasakis ("Kotzabasakis") to replace founder Jay Haladay as the company's chairman and chief executive. Thereafter, the new

CEO and his new head of HR, Joanna Nikka ("Nikka"), set a target to cut 182 of the 760 employees then working at the company.

28.     They then allegedly asked HR staff to create a spreadsheet that listed all workers who either were making more than $125,000 a year or more than 40 years old.

29.     The executives likewise wanted lists of employees getting benefits under the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA) and the Oregon Family Leave Act (OFLA).

30.     In the May 2017 court deposition of Jennifer Yruegas ("Yruegas"), Viewpoint's former vice president of human resources, Yruegas testified in litigation over another executive's departure that she was pressured by the new CEO to compile the spreadsheet ahead of the large-scale firing.

31.     Yruegas further testified that Kotzabasakis told Yruegas, "I think you should create the spreadsheet" and that Nikka, her supervisor in HR, told her, "I am going to use this information for layoff purposes."

32.     This employee's deposition revealed anti-older-worker bias on the part of management, which directly and willfully violates the ADEA, FLSA, and Maryland law.

33.     Jan Sadlowski, another former human resources manager at the company, has publicly state that Nikka made similar demands during her tenure with the company.

34.     Sadlowski told the New York Post in 2018, "They wanted me to illegally fire people."

35.     According to Sadlowski, Nikka stated to her: "I'm sick of having our insurance crunched with a bunch of old people."

36.     In her complaint to the EEOC, Sadlowski wrote that "Viewpoint executives intentionally targeted for termination older workers to be replaced by younger workers." And [the company's new human resources chief] "told me to lay off or terminate employees that were on protected leave. She instructed me to terminate employees on pregnancy leave or medical leave. When I told her that was not legal and not best business practices and that I could not do that she told me that my job was to 'do what she told me to do' and said this is a 'new regime.'"

37.     Plaintiff is one of the many former employees targeted and wrongfully discharged by this "new regime."

38.     Plaintiff's employment history dating all the way back to Estimation, Inc. was pristine.  He was performing his job satisfactorily, but was treated less favorably than similarly situated, substantially younger employees.  But for his age, Plaintiff would not have been laid-off.

39.     After the large-scale layoff, Defendant had numerous job postings for the terminated positions, and upon information and belief hired younger workers to fill these positions.

40.     Plaintiff suffered emotional harm and physical distress as a result of the forced disassociation with his co-workers and employees, many of which he had worked with and for him for over twenty (20) years.

41.     Plaintiff was also told that they were dissolving use of the software product that his predecessor companies substantially built.   To the contrary, Defendant markets this software product as the best in the business and it was touted as having substantial monetary value in Defendant's 2018 acquisition by Trimble.

42.     When Plaintiff was laid-off, he executed a Separation Agreement and Release. The monetary compensation described therein and received by Plaintiff was pursuant to a 2014 contract executed when Maxwell Systems merged with Viewpoint.  This contractual benefit was part of

Plaintiff's employment contract with the predecessor company, Maxwell Systems. It was a benefit that Plaintiff earned prior to termination and was not consideration for his layoff from Viewpoint.

43.      Plaintiff did not waive his right to file suit or the protections of the ADEA, FLSA, or FEPA when executing the Separation Agreement and Release. It was months after the layoff that Plaintiff first learned that Viewpoint was illegally targeting older and ill employees in violation of these employees' civil rights. It was then that Plaintiff contacted the EEOC to conduct an investigation on his behalf.

44.      As a result of his layoff, Plaintiff spent some time unemployed, but has regained employment at a substantially reduced salary.

45.      Plaintiff exhausted all of his administrative remedies and files this suit claiming damages for his wrongful termination on the basis of his age.

**COUNT 1: Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.**

46.      Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

47.      Plaintiff is over forty years of age and an individual within the class protected by the Age Discrimination in Employment Act.

48.      Based on the forgoing, Defendant engaged in unlawful employment practices in violation of the ADEA.

49.      In targeting and discriminating against Plaintiff based on his age, Defendant violated the ADEA.

50.      Said violations were intentional and willful.

51.      Said violations warrant the imposition of liquidated damages.

52.     As the direct result of the aforesaid unlawful employment practices engaged in by Defendant, Plaintiff has sustained a loss of earnings, loss of future earning power, as well as back pay, front pay, interest due thereon, attorneys' fees and costs.

53.     Plaintiff is now suffering and will continue to suffer irreparable harm and money damages as a result of Defendant's actions unless and until this Court grants the relied requested herein.

**COUNT II: Maryland Fair Employment Practices Act, Md. Code Ann., State Government §§ 20-601 et seq. and 20-1001 et seq.**

54.     Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

55.     Based on the foregoing, Defendant has engaged in unlawful employment practices in violation of the FEPA.

56.     In discriminating against Plaintiff on the basis of his age, Defendant violated the FEPA.

57.     As a direct and proximate result of Defendant's violations of FEPA, Plaintiff has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon and has incurred attorneys' fees and costs.

**PRAYER FOR RELIEF**

58.     Plaintiff, Alan T. Mech, repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant:

A.  Declaring the acts and practices complained of herein violate the ADEA, FLSA and FEPA;

B.  Awarding compensatory damages to make Plaintiff whole for all past and future lost earnings, benefits and earnings capacity which Plaintiff has suffered and will continue to suffer as a result of Defendant's conduct, in an amount to be determined at trial;

C.  Awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, loss of reputation, pain and suffering;

D.  Awarding Plaintiff costs of this action together with her reasonable attorneys' fees;

E.  Awarding Plaintiff such other damages as are appropriate under the ADEA, FLSA, and FEPA;

F.  Granting such other relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands trial by jury as to all issues so triable.

Respectfully submitted,

_____/s/_____

Rachel N. Mech (#19479)
Offit Kurman
300 E. Lombard St.
Baltimore, Maryland 21202
Tel: 410.209.6447 * Fax: 410.209.6435
rmech@offitkurman.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| **ALAN T. MECH** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No.** |
| **VIEWPOINT, INC.** | * | |
| **Defendant.** | * | **JURY TRIAL DEMANDED** |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all counts and claims.

/s/
_____
Rachel N. Mech (#19479)
Offit Kurman
300 E. Lombard St.
Baltimore, Maryland 21202
Tel: 410.209.6447 * Fax: 410.209.6435
rmech@offitkurman.com

*Attorneys for Plaintiff*